

1306 N. Broom Street, Suite 1
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

April 22, 2019

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

      RE:    *TMI Solutions LLC v. Bath & Body Works Direct, Inc.,*
              C.A. No. 1:17-cv-00965-LPS-CJB
           *TMI Solutions LLC v. The Gap, Inc.,*
              C.A. No. 1:17-cv-00966-LPS-CJB
           *TMI Solutions LLC v. Victoria's Secret Stores, Inc. & L Brands, Inc.,*
              C.A. No. 1:17-cv-00969-LPS-CJB

Dear Chief Judge Stark:

      Pursuant to the Court's April 18, 2019 Oral Order, Plaintiff TMI Solutions, LLC ("TMI") hereby submits this letter outlining the issues in dispute and TMI's position on those issues. The issue before the Court is:

      Whether or not the interrogatories served by Plaintiff in Plaintiff's Revised First Set of Common Interrogatories Directed to Each Defendant (1-10) contain multiple subparts that should then count as separate interrogatories?

      Attached hereto as Exhibit 1 is a copy of Defendant Bath and Body Works Direct, Inc.'s Objections and Responses to Plaintiff's Revised First Set of Common Interrogatories Directed to Each Defendant (1-10). The other Defendant's responses are identical.

      Defendants improperly objected to Interrogatory Nos. 1 through 5 as containing multiple subparts and then refused to answer Interrogatory Nos. 6 through 10, contending that they exceeded the limit of ten common interrogatories TMI is allowed under the Scheduling Order (D.I. 35, Case No. 1:17-cv-00965). As explained herein, Defendants' position is unreasonable and not supported by the law in this jurisdiction. In the alternative, to the extent the Court agrees with Defendants' position, then TMI respectfully requests that the Court modify paragraph 8(d) of the Scheduling Order to afford it 30 common interrogatories and 45 additional interrogatories on each defendant.

**1.    TMI's Interrogatories Do Not Contain Multiple Subparts that should be Considered Separate Interrogatories.**

      The issue presented was previously addressed by the Court in *Medigus Ltd. v. Endochoice, Inc.*, Case No. 15-505-LPS-CJB, 2016 WL 5791409, *1 (D. Del. July 19, 2016). In *Medigus*, the

Court held that "[s]ubparts are treated as part of a single interrogatory where 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Id*. "To determine whether a subsequent question (*i.e.*, a subpart) is subsumed by and related to the primary question in an interrogatory, courts consider:

> [W]hether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

This determination requires 'a pragmatic approach.'" *Id*. (internal citations omitted).

None of the interrogatories served by TMI contain subparts that should be counted as separate interrogatories. Rather, any "subparts" are "logically and factually subsumed within and necessarily related to the primary question." *Id.*

For example, Interrogatory No. 1 requested that each Defendant: "Identify all of Defendant's affirmative defenses and counterclaims and, for each, state with specificity the legal and factual basis underlying each affirmative defense and counterclaim." *See* Exhibit 1, Interrogatory No. 1, pp. 3-4. Defendants improperly contend that this is actually two interrogatories: 1(a) asking for an identification of each affirmative defense and counterclaim, and 1(b) seeking the legal and factual basis for each affirmative defense and counterclaim. *Id*. However, 1(b) is logically or factually subsumed within and necessarily related to the primary question and therefore does not count as a separate interrogatory. *See Medigus*, 2016 WL 5791409, at *1.

As another example, Interrogatory No. 2 requested that each Defendant: "Explain in detail, for each Asserted Claim, all bases, facts and circumstances supporting or otherwise relating to any and all of Defendant's contentions that Defendant does not infringe the Asserted Claim." *See* Exhibit 1, Interrogatory No. 2, pp. 4-6. Defendants improperly contend that this two interrogatories because there are two patents-in-suit. Defendants take the same incorrect position with respect to Interrogatory No. 3 directed to the validity of each Asserted Claim. *See* Exhibit 1, Interrogatory No. 3, pp. 6-7.[1]

Interrogatory No. 4 requested that each Defendant: "Identify all oral and/or written opinions of counsel relating to the Patents-in-Suit and for each opinion identify the date of the opinion, the author(s), recipient(s), the contents of the opinion and the conclusion reached." Exhibit 1, Interrogatory No. 4, pp. 7-8. Defendants once again improperly contend that this is really two interrogatories because there are two patents-in-suit.

---

[1] If Defendants' logic is adopted, then in any multiple patent cases each party would need to serve potentially dozens, if not hundreds, of separate interrogatories depending on the number of asserted patents and claims simply to ascertain the opposing parties' positions regarding basic subjects such as infringement and validity with respect to each asserted claim. This approach is impractical and contrary to the law in this jurisdiction. *See Medigus*, 2016 WL 5791409, at *1.

Finally, Interrogatory No. 5 requested that each Defendant identify certain information regarding the Accused Practices, which was defined as Defendant's use of cookies in conjunction with its website(s). Exhibit 1, Interrogatory No. 5, pp. 8-10. Defendants contend that since the interrogatory requests an identification of five pieces of information that it is actually five separate interrogatories. This position is incorrect and contrary to the law in this Court. *See Medigus*, 2016 WL 5791409, at *1-2. Defendants effectively seek to punish TMI for specifically identifying the information it seeks with respect to each Accused Practice. This is improper.

None of the interrogatories served by TMI contain discrete subparts that should count as separate interrogatories. TMI respectfully requests that the Court find the same and order Defendants to fully and completely answer the interrogatories served.

**2.     In the Alternative, the Court Should Increase the Number of Interrogatories Allowed Under Paragraph 8(d) of the Scheduling Order.**

To the extent the Court agrees with Defendants' position, then TMI respectfully requests that the Court modify paragraph 8(d) of the Scheduling Order to afford it 30 common interrogatories and 45 additional interrogatories on each defendant. If, for example, TMI is required to serve a separate interrogatory on each issue for each patent-in-suit, then this increase is necessary and warranted for TMI to be able to conduct discovery in this matter.

Thank you for your consideration.

Respectfully,

Timothy Devlin (No. 4241)

*Attorney for Plaintiff*
*TMI Solutions LLC*

Enclosure
cc:     Counsel of Record
        (via CM/ECF, w/encl.)