# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TMI SOLUTIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-965-LPS-CJB |
| | : | |
| BATH AND BODY WORKS DIRECT, | : | |
| INC. | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT BATH AND BODY WORKS DIRECT, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REVISED FIRST SET OF COMMON INTERROGATORIES DIRECTED TO EACH DEFENDANT (1-10)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and D. Del. LR 26.1, Defendant

Bath and Body Works Direct, Inc. ("BBW"), by and through its undersigned counsel, submits its

Objections and Responses to Plaintiff TMI Solutions LLC's Revised First Set of Common

Interrogatories Directed to Each Defendant (1-10) ("Interrogatories").

BBW's discovery and investigation in connection with this case are continuing, and BBW

thus reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its responses to

the Interrogatories after considering information obtained or reviewed through further discovery

and investigation.

### GENERAL OBJECTIONS

In addition to the objections set forth in BBW's responses below, the following

objections apply to Plaintiff's Definitions and Interrogatories, which are hereby incorporated

by reference into BBW's responses to the individual Interrogatories. BBW objects as follows:

1.      BBW objects to Plaintiff's Definitions and Interrogatories to the extent they

seek to impose discovery obligations in excess of those imposed by the Federal Rules of Civil

**EXHIBIT 1**

Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, or any other applicable authority.

2.      BBW objects to Plaintiff's definition of "Defendant" to the extent it seeks to include any entity or individual other than the named Defendant in the above styled action.

3.      BBW objects to Plaintiff's definition of "Asserted Claims" to the extent it also seeks to encompass "any other claims identified in TMI's infringement contentions," as Plaintiff has yet to serve its infringement contentions and these claims remain unidentified.

4.      BBW objects to the Interrogatories to the extent they purport to seek information outside the possession, custody, or control of BBW.

5.      BBW objects to the Interrogatories to the extent they seek to impose an obligation on BBW to obtain and provide information from third parties or public sources that are equally accessible to Plaintiff.

6.      BBW objects to the Interrogatories to the extent they seek responses containing information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity from disclosure. Such information will not be provided. Any inadvertent revelation of such information shall not constitute a waiver of any applicable privilege, protection, or immunity.

7.      BBW objects to Plaintiff's contention Interrogatories on the grounds that discovery is just beginning, no documents have been exchanged, and no depositions have been taken. Any requirement to fully respond to the contention interrogatories contained in these Interrogatories is premature. Thus, BBW expressly reserves the right to supplement these responses after the substantial completion of discovery.

8.      BBW's use of any term defined in Plaintiff's Definitions or Interrogatories does not constitute acceptance of Plaintiff's definition of that term.

9.      BBW objects to each Interrogatory to the extent it contains subparts or constitutes more than one interrogatory. In accordance with D. Del. LR 26.1, "[e]ach subpart of an interrogatory . . . shall be counted as a separate interrogatory." Plaintiff is permitted ten common interrogatories under the Court's Scheduling Order (D.I. 35), and to the extent Plaintiff's Interrogatories, including subparts, exceeds the limit imposed by the Court, BBW objects to and will not to answer those Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

Identify all of Defendant's affirmative defenses and counterclaims and, for each, state with specificity the legal and factual basis underlying each affirmative defense and counterclaim

## RESPONSE TO NO. 1

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 1(a)) seeks the identification of all affirmative defenses and counterclaims. The second interrogatory (which BBW will refer to as Interrogatory 1(b)) seeks the factual and legal basis underlying each affirmative defense and counterclaim. In accordance with D. Del. LR 26.1, BBW counts each subpart as a separate Interrogatory. Subject to and without waiving the foregoing objection, BBW responds as follows.

### RESPONSE TO NO. 1(a)

With respect to subpart (a), BBW incorporates the affirmative defenses and counterclaims raised in its Answer and Counterclaim to Plaintiff's Complaint (D.I. 31).

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (a) after considering information obtained or reviewed through further discovery and investigation.

**RESPONSE TO NO. 1(b)**

With respect to subpart (b), BBW objects to this Interrogatory as it is a premature contention interrogatory, considering that the parties are in the early stages of discovery. Subject to and without waiving the foregoing objection, BBW incorporates the legal and factual arguments raised in its Motion to Dismiss and its Opening Brief In Support (D.I. 15 and 16) as well as its Reply Brief in Support of the Motion to Dismiss (D.I. 21) and its Notice of Subsequent Authority (D.I. 26).

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (b) after considering information obtained or reviewed through further discovery and investigation.

**INTERROGATORY NO. 2**

Explain in detail, for each Asserted Claim, all bases, facts and circumstances supporting or otherwise relating to any and all of Defendant's contentions that Defendant does not infringe the Asserted Claim.

**RESPONSE TO NO. 2**

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 2(a)) seeks all bases, facts and circumstances relating to BBW's contentions that BBW does not infringe claim 6 of the '077 patent. The second interrogatory (which BBW will refer to as Interrogatory 2(b)) seeks all bases, facts and circumstances relating to BBW's contentions that BBW does not infringe claims 1 and 2 of the '078 patent. In accordance with D. Del. LR 26.1, BBW counts each subpart as a separate Interrogatory.

4

BBW objects to Plaintiff's definition of "Asserted Claims" to the extent it also seeks to encompass "any other claims identified in TMI's infringement contentions," as Plaintiff has yet to serve its infringement contentions and these claims remain unidentified.

BBW further objects to this Interrogatory as it is a premature contention interrogatory, considering that the parties are in the early stages of discovery. Moreover, BBW objects to this Interrogatory as premature and inconsistent with the Scheduling Order, which provides a timeline for Plaintiff's submission of its claim construction chart, the parties' claim construction issue identification, and the Court's ruling on claim construction.

BBW objects to this Interrogatory because it seeks expert opinions before the deadline to disclose such testimony pursuant to the Scheduling Order in this case. BBW will produce its expert reports by the deadline set in the Scheduling Order in accordance with Federal Rule of Civil Procedure 26(a)(2).

Subject to and without waiving the foregoing objections, BBW responds as follows.

**RESPONSE TO NO. 2(a)**

With regard to subpart (a), BBW states that, at the least, Defendant does not infringe the step of "sending second information that is a function of the first user identification information and that is different from the first user identification information from the remote computer system to the user station" as required by claim 6 of the '077 patent.

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (a) after considering information obtained or reviewed through further discovery and investigation.

**RESPONSE TO NO. 2(b)**

With regard to subpart (b), BBW states that, at the least, Defendant does not infringe the step of "sending . . . second information that is a function of and different from the first information" as required by claims 1 and 2 of the '078 patent.

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (b) after considering information obtained or reviewed through further discovery and investigation.

**INTERROGATORY NO. 3**

Explain in detail, for each Asserted Claim, all bases, facts and circumstances supporting or otherwise relating to any and all of Defendant's contentions that the Asserted Claim is invalid and/or unenforceable.

**RESPONSE TO NO. 3**

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 3(a)) seeks all bases, facts and circumstances relating to BBW's contentions that claim 6 of the '077 patent is invalid and/or unenforceable. The second interrogatory (which BBW will refer to as Interrogatory 3(b)) seeks all bases, facts and circumstances relating to BBW's contentions that claims 1 and 2 of the '078 patent are invalid and/or unenforceable.  In accordance with D. Del. LR 26.1, BBW counts each subpart as a separate Interrogatory.

BBW objects to Plaintiff's definition of "Asserted Claims" to the extent it also seeks to encompass "any other claims identified in TMI's infringement contentions," as Plaintiff has yet to serve its infringement contentions and these claims remain unidentified.

BBW further objects to this Interrogatory as it is a premature contention interrogatory, considering that the parties are in the early stages of discovery. Moreover, BBW objects to this

Interrogatory to the extent it attempts to secure BBW's invalidity contentions in advance of the Scheduling Order's deadline.

BBW objects to this Interrogatory because it seeks expert opinions before the deadline to disclose such testimony pursuant to the Scheduling Order in this case. BBW will produce its expert reports by the deadline set in the Scheduling Order in accordance with Federal Rule of Civil Procedure 26(a)(2).

Subject to and without waiving the foregoing objections, BBW responds as follows.

**RESPONSE TO NO. 3(a)**

With regard to subpart (a), BBW incorporates by reference its invalidity contentions with regard to claim 6 of the '077 patent, once they are served.

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (a) after considering information obtained or reviewed through further discovery and investigation.

**RESPONSE TO NO. 3(b)**

With regard to subpart (b), BBW incorporates by reference its invalidity contentions with regard to claims 1 and 2 of the '078 patent, once they are served.

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (b) after considering information obtained or reviewed through further discovery and investigation.

**INTERROGATORY NO. 4**

Identify all oral and/or written opinions of counsel relating to the Patents-in-Suit and for each opinion identify the date of the opinion, the author(s), recipient(s), the contents of the opinion and the conclusion reached.

**RESPONSE TO NO. 4**

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 4(a)) seeks information about all opinions of counsel relating to the '077 patent. The second interrogatory (which BBW will refer to as Interrogatory 4(b)) seeks information about all opinions of counsel relating to the '078 patent. In accordance with D. Del. LR 26.1, BBW counts each subpart as a separate Interrogatory.

BBW objects to the Interrogatory to the extent it seeks responses containing information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity from disclosure.

Subject to and without waiving the foregoing objections, BBW responds as follows.

**RESPONSE TO NO. 4(a)**

With regard to subpart (a), to the extent that BBW choses to rely on opinions of counsel relating to the '077 patent, BBW will make the appropriate disclosures and supplement its Interrogatory response accordingly.

**RESPONSE TO NO. 4(b)**

With regard to subpart (b), to the extent that BBW choses to rely on opinions of counsel relating to the '078 patent, BBW will make the appropriate disclosures and supplement its Interrogatory response accordingly.

**INTERROGATORY NO. 5**

For the Accused Practices, including all substantially similar practices, identify (1) when Defendant began using cookies, (2) all websites on which Defendant uses cookies, (3) all information that is tracked and stored via Defendant's use of cookies, (4) by Bates number, all documents and things (including technical manuals, operating manuals, technical specifications, design drawings, schematics, flow charts, source code, engineering design documents, and marketing requirement documents) that refer or relate to Defendant's use of cookies; and (5) the

individuals with the most knowledge of the functionality and design of Defendant's website(s) and its use of cookies.

**RESPONSE TO NO. 5**

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 5(a)) asks BBW to identify (for the Accused Practices) when BBW began using cookies. The second interrogatory (which BBW will refer to as Interrogatory 5(b)) asks BBW to identify (for the Accused Practices) all websites on which it uses cookies. The third interrogatory (which BBW will refer to as Interrogatory 5(c)) asks BBW to identify (for the Accused Practices) all information that is tracked and stored via its use of cookies. The fourth interrogatory (which BBW will refer to as Interrogatory 5(d)) asks BBW to identify by Bates number, all documents and things that refer or relate to its use of cookies. The fifth interrogatory (which BBW will refer to as Interrogatory 5(e)) asks BBW to identify the individuals with the most knowledge of the functionality and design of its website(s) and its use of cookies.  In accordance with D. Del. LR 26.1, BBW counts each subpart as a separate Interrogatory.

BBW further objects to this Interrogatory as Defendant's use of cookies goes back more than six years and, as such, this Interrogatory seeks information in violation of Paragraph 4(e) of the Delaware Default Standard for Discovery, which limits discovery to a term of 6 years before the filing of the complaint without the showing of good cause.

BBW further objects to this Interrogatory as relating generally to the use of cookies, rather than to the specific Accused Practices at issue in this case. Information related to non-accused uses of cookies is not reasonably calculated to lead to the discovery of admissible evidence. Consequently, and with respect to each subpart below, BBW will not respond to the

9

interrogatory until the parties have met, conferred, and agreed as to an appropriate scope of this interrogatory.

BBW objects to Interrogatory 5(c), 5(d), and 5(e) as they exceed the limit of ten common interrogatories that Plaintiff is allowed under the Scheduling Order in this case.

### RESPONSE TO NO. 5(a)

With regard to subpart (a), BBW objects to this Interrogatory as it is a premature contention interrogatory, considering that the parties are in the early stages of discovery.

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (a) after considering information obtained or reviewed through further discovery and investigation.

### RESPONSE TO NO. 5(b)

With regard to subpart (b), BBW objects to this Interrogatory as it is a premature contention interrogatory, considering that the parties are in the early stages of discovery.

BBW reserves the right, pursuant to Fed. R. Civ. P. 26(e), to amend or supplement its response to subpart (b) after considering information obtained or reviewed through further discovery and investigation.

### INTERRGOTORY NO. 6

Separately state the amount of revenues and profits Defendant has derived from, and costs incurred, from each of Defendant's websites that utilize cookies by month and year and customer/source, identify all information Defendant has tracked and stored from such cookies, identify with specificity how that information is used, and identify the persons with the most knowledge of this information.

### RESPONSE TO NO. 6

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 6(a)) seeks the "amount of revenues and profits [BBW] has derived from, and costs incurred, from each of

10

[BBW's] websites that utilize cookies by month and year and customer/source." The second interrogatory (which BBW will refer to as Interrogatory 6(b)) asks BBW to "identify all information Defendant has tracked and stored from such cookies, identify with specificity how that information is used, and identify the persons with the most knowledge of this information."

BBW further objects to this Interrogatory as relating generally to the use of cookies, rather than to the specific Accused Practices at issue in this case. Information related to non-accused uses of cookies is not reasonably calculated to lead to the discovery of admissible evidence.

BBW objects to Interrogatory 6(a) and 6(b) as they exceed the limit of ten common interrogatories that Plaintiff is allowed under the Scheduling Order in this case.

## INTERROGATORY NO. 7

Identify all past and present licensing relationships and/or agreements referring or relating to the Accused Practices or any technology previously or presently used in conjunction with the Accused Practices, and identify the persons with the most knowledge of these relationships, agreements and licenses.

## RESPONSE TO NO. 7

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 7(a)) asks BBW to "[i]dentify all past and present licensing relationships and/or agreements referring or relating to the Accused Practices" and the persons most knowledgeable of these relationships, agreements, and licenses. The second interrogatory (which BBW will refer to as Interrogatory 7(b)) asks BBW to "[i]dentify all past and present licensing relationships and/or agreements referring or relating to any technology previously or presently used in conjunction with the Accused Practices" and the persons most knowledgeable of these relationships, agreements, and licenses.

11

BBW objects to Interrogatory 7(a) and 7(b) as they exceed the limit of ten common interrogatories that Plaintiff is allowed under the Scheduling Order in this case.

**INTERROGATORY NO. 8**

For each element of each Asserted Claim state whether Defendant contends the element is, or is not, supported by the disclosure in U.S. Patent No. 5,694,546 ("the '546 patent"), U.S. Patent No. 6,125,388 ("the '388 patent"), U.S. Patent No. 6,594,692 ("the '692 patent"), and U.S. Patent No. 8,131,883 ("the '883 patent").

**RESPONSE TO NO. 8**

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 8(a)) asks (for each element of claim 6 of the '077 patent) whether BBW "contends the element is, or is not, supported by the disclosure in" the '546 patent.  The second interrogatory (which BBW will refer to as Interrogatory 8(b)) asks (for each element of claims 1 and 2 of the '078 patent) whether BBW "contends the element is, or is not, supported by the disclosure in" the '546 patent. The third interrogatory (which BBW will refer to as Interrogatory 8(c)) asks (for each element of claim 6 of the '077 patent) whether BBW "contends the element is, or is not, supported by the disclosure in" the '388 patent.  The fourth interrogatory (which BBW will refer to as Interrogatory 8(d)) asks (for each element of claims 1 and 2 of the '078 patent) whether BBW "contends the element is, or is not, supported by the disclosure in" the '388 patent. The fifth interrogatory (which BBW will refer to as Interrogatory 8(e)) asks (for each element of claim 6 of the '077 patent) whether BBW "contends the element is, or is not, supported by the disclosure in" the '692 patent.  The sixth interrogatory (which BBW will refer to as Interrogatory 8(f)) asks (for each element of claims 1 and 2 of the '078 patent) whether BBW "contends the element is, or is not, supported by the disclosure in" the '692 patent. The seventh interrogatory (which BBW will refer to as Interrogatory 8(g)) asks (for each element of claim 6 of the '077 patent) whether

BBW "contends the element is, or is not, supported by the disclosure in" the '833 patent.  The

eighth interrogatory (which BBW will refer to as Interrogatory 8(h)) asks (for each element of

claims 1 and 2 of the '078 patent) whether BBW "contends the element is, or is not, supported by

the disclosure in" the '833 patent.

BBW objects to this Interrogatory to the extent it attempts to secure BBW's invalidity

contentions in advance of the Scheduling Order's deadline.

BBW further objects to Plaintiff's definition of "Asserted Claims" to the extent it also

seeks to encompass "any other claims identified in TMI's infringement contentions," as Plaintiff

has yet to serve its infringement contentions and these claims remain unidentified.

BBW objects to Interrogatory 8(a), 8(b), 8(c), 8(d). 8(e), 8(f), 8(g), and 8(h) as they

exceed the limit of ten interrogatories that Plaintiff is allowed under the Scheduling Order in this

case.

## INTERROGATORY NO. 9

Identify all information tracked and/or stored by Defendant via the Accused Practices and
the number of visitors and unique visitors to Defendant's website from November 1, 2016 to July
30, 2017.

## RESPONSE TO NO. 9

BBW objects to this Interrogatory as it contains subparts and constitutes more than one

interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 9(a)) asks BBW

to identify "all information tracked and/or stored by [BBW] via the Accused Practices." The

second interrogatory (which BBW will refer to as Interrogatory 9(b)) asks BBW to identify "the

number of visitors and unique visitors to Defendant's website from November 1, 2016 to July

30, 2017."

BBW objects to Interrogatory 9(a) and 9(b) as they exceed the limit of ten interrogatories

that Plaintiff is allowed under the Scheduling Order in this case.

**INTERROGATORY NO. 10**

Explain why Defendant utilizes cooked in conjunction with its website(s) and how and by whom the Accused Practices were developed, including without limitation, the chronology of the research from conception to the development of the Accused Practices through any commercial manufacture or release and identify three persons believed to be most knowledgeable as to these facts.

**RESPONSE TO NO. 10**

BBW objects to this Interrogatory as it contains subparts and constitutes more than one interrogatory. The first interrogatory (which BBW will refer to as Interrogatory 10(a)) asks "why [BBW] utilizes cooked [sic] in conjunction with its website(s)." The second interrogatory (which BBW will refer to as Interrogatory 10(b)) asks "how and by whom the Accused Practices were developed, including without limitation, the chronology of the research from conception to the development of the Accused Practices through any commercial manufacture or release and identify three persons believed to be most knowledgeable as to these facts."

BBW further objects to this Interrogatory as relating generally to the use of cookies, rather than to the specific Accused Practices at issue in this case. Information related to non-accused uses of cookies is not reasonably calculated to lead to the discovery of admissible evidence.

BBW objects to Interrogatory 10(a) and 10(b) as they exceed the limit of ten interrogatories that Plaintiff is allowed under the Scheduling Order in this case.


Dated: March 1, 2019


/s/*Richard W. Miller*
Richard W. Miller
Chittam U. Thakore
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
(678) 420-9300

millerw@ballardspahr.com
thakorec@ballardspahr.com

Lynn E. Rzonca
Ballard Spahr LLP
1735 Market Street, Suite #5100
Philadelphia, PA 19103
(215) 665-8500
rzoncal@ballardspahr.com

Beth Moskow-Schnoll (#2900)
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801
(302) 252-4465
moskowb@ballardspahr.com

*Attorneys for Defendant Bath and Body Works
Direct, Inc.*