# Ballard Spahr LLP

919 North Market Street, 11th Floor
Wilmington, DE 19801-3034
TEL 302.252.4465
FAX 302.252.4466
www.ballardspahr.com

Beth Moskow-Schnoll
Tel: 302.252.4447
Fax: 302.252.4466
moskowb@ballardspahr.com

April 24, 2019

*Via ECF*

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re:   *TMI Solutions LLC v. Bath & Body Works Direct, Inc.* (C.A. No. 17-965-LPS-CJB)
*TMI Solutions LLC v. The Gap Inc.* (C.A. No. 17-966-LPS-CJB)
*TMI Solutions LLC v. Victoria's Secret Stores, Inc.* (C.A. No. 17-969-LPS-CJB)

Dear Chief Judge Stark:

Pursuant to the Court's April 18, 2019 Oral Order, I write on behalf of Defendants in the above-referenced cases to address the discovery dispute currently before the Court.

The Scheduling Order (D.I. 35, ¶ 8(d); C.A. No. 17-965) permits Plaintiff to serve ten common interrogatories on Defendants. Plaintiff far exceeded that number in its Revised First Set of Common Interrogatories Directed to Each Defendant (1–10) ("Interrogatories"). Although labeled 1–10, the Interrogatories bundle together multiple, discreet subparts. Defendants identified the discrete subparts and properly objected to Plaintiff's attempt to expand the scope of permitted interrogatories.[1]

Defendants' position is consistent with L.R. 26.1 and this Court's precedent. The subparts in Plaintiff's Interrogatories should be separated into multiple interrogatories because they are not "logically and factually subsumed within and necessarily related to the primary question." *Medigus Ltd. v. Endochoice, Inc.*, Case No. 15-505-LPS-CJB, 20116 U.S. Dist. LEXIS 156752, *3 (D. Del. July 19, 2016). Moreover, Plaintiff has failed to show that the increase in the number of interrogatories that it requests in the alternative is reasonably necessary and warranted in this instance.

---

[1] Exhibit 1 to Pl's April 22, 2019 Letter to the Court.

The Honorable Leonard P. Stark
April 24, 2019
Page 2

### 1. Each Challenged Interrogatory Contains Multiple Stand-Alone Questions That Should Be Counted As Separate Interrogatories.

Local Rule 26.1(a) provides, "[e]ach subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Subparts that are "discrete or separate questions should be counted as separate interrogatories, notwithstanding that they may be joined by a conjunctive word and may be related." *Medigus*, 2016 U.S. Dist. LEXIS 156752, *3 (alteration omitted); *see also Align Technology, Inc. v. 3Shape A/S*, Case No. 1-17-cv-01646 (D. Del. Jan. 22, 2019 Docket Entry) (attached here at Exhibit 1).

The subparts in Plaintiff's Interrogatory Nos. 1 and 5–10 belong to the latter category.[2] The subparts do not merely seek information "necessary to complete the details required by the call of the question." *Medigus*, 2016 U.S. Dist. LEXIS 156752, *3. Rather, the challenged interrogatories are akin to the interrogatories the Court in *Medigus* agreed contain multiple discrete subparts that should be broken out into separate interrogatories. *See Id.* at *6 and note 6 (agreeing that Interrogatory Nos. 2 and 16 each contained multiple subparts and were properly rewritten as multiple separate interrogatories).

The *Medigus* Court's handling of two interrogatories (Interrogatory Nos. 2 and 16) is instructive. In *Medigus*, it was proper to separate an interrogatory that asked for: (1) an identification all of its products embodied by the patent-in-suit and (2) a statement of which patent claims were embodied by each identified product. *See* Exhibit 2 (*Medigus* Defendant's Discovery Letter Brief) at D.I. 67-1, 2. It was also proper to separate an interrogatory that asked for: (1) an identification of all names used to identify a particular product, (2) an identification of all substantive changes to any such product, and (3) an identification of any patents that cover that product. *See id.* at 67-1, 8.

Plaintiff's multipart interrogatories here are analogous to the improper multipart interrogatories in *Medigus*. Interrogatory No. 1, for example, not only asks Defendants (1) to identify their affirmative defenses and counterclaims but also (2) to state the legal and factual bases of the identified defenses and counterclaims. These are two independent questions, just like interrogatory No. 2 in *Medigus*.

Interrogatory No. 5—like improper interrogatories 2 and 16 in *Medigus*—seeks five distinct types of information, including (1) when Defendants started using cookies, (2) an identification of all websites on which Defendants use cookies, (3) all information tracked and stored using cookies, (4) an identification of all documents that relate to the use of cookies, and (5) an identification of knowledgeable individuals.

Interrogatory No. 7 contains two discrete and unrelated subparts that seek: (1) the identity of agreements relating to the Accused Practices and (2) the identity of agreements relating to

---

[2] Plaintiff fails to mention that during the meet and confer process, as a compromise, Defendants offered to withdraw their objections to Interrogatory Nos. 2–4.

The Honorable Leonard P. Stark
April 24, 2019
Page 3

technologies used in conjunction with the Accused Practices. Interrogatory No. 8 contains numerous discrete inquiries, asking whether each of four separate patents supports "each element of each Asserted Claim." At the very least, each patent Plaintiff has asked about and the claims of each asserted patent stand alone as a separate inquiry.

Interrogatory Nos. 6, 9, and 10 are perhaps the most egregious examples of Plaintiff's attempt to circumvent the interrogatory limitations it agreed to. Interrogatory No. 6 seeks the unrelated facts of (1) the amount of revenue and costs incurred from each website and (2) an identification of all information tracked using cookies, how that information is used, and an identification of knowledgeable individuals. Interrogatory No. 9 seeks the unrelated facts of (1) information Defendants have tracked and stored using the Accused Practices, and (2) the number of visitors to Defendants' websites. Interrogatory No. 10 asks for the unrelated facts of (1) why Defendants have used cookies in conjunction with their websites and (2) how the Accused Products were developed.

In sum, Plaintiff's Interrogatories 1 and 5-10 contain multiple discrete subparts that should be counted as stand-alone Interrogatories.

## 2. The Court Should Not Permit Plaintiff To Serve Seventy-Five Interrogatories.

Plaintiff makes no showing as to why it would require **30** common interrogatories and **45** additional interrogatories to each of the Defendants. Indeed, Plaintiff still has fifteen unused individual interrogatories that it can serve on each Defendant. D.I. 35 at 5.

Further, the mere fact that Plaintiff is requesting **75** interrogatories to serve on **each defendant** demonstrates that Plaintiff seeks an improper expansion of the scope of written discovery in a case that does not justify the expense. The Federal Rules make clear that information is discoverable only if it is "proportional to the needs of the case" considering, among other things "the importance of the issues at stake in the case [and] the amount in controversy." Fed. R. Civ. P. 26(b)(1). Here, Plaintiff is asserting two expired patents that have incredibly narrow damages windows. The '077 Patent has only a two month enforcement period (from November 1, 2016 to January 3, 2017). The '078 Patent has an eight month enforcement period (from November 1, 2016 to July 18, 2017). Such a narrow damages window does not justify the extensive discovery Plaintiff seeks here.

Respectfully,

Beth Moskow-Schnoll (No. 2900)
*Counsel for Defendants*

DMEAST #37380275 v1