# EXHIBIT 1

ORAL ORDER: The Court, having reviewed Plaintiffs discovery dispute motion, (D.I. 89 in Civil Action No. 17-1646-LPS-CJB; D.I. 81 in Civil Action No. 17-1647-LPS-CJB), and the parties letter briefs related thereto, HEREBY ORDERS as follows: With regard to the dispute over Interrogatories 3-4, Plaintiffs request is GRANTED-IN-PART. As to the asserted patents, the Court will accept Defendants assertion that they have answered with the information they now have; Defendants shall supplement those answers in the future if new and different information comes to light. But Defendants must immediately supplement their answer to address genealogically related patents called out in the interrogatories; Defendants knowledge of a patent related to the asserted patents can certainly be relevant to whether Defendants knew of the asserted patents themselves. (D.I. 100 at 2-3) With regard to the dispute over Interrogatories 5 and 12, the request is DENIED. The questions include subparts that are not logically or factually subsumed within and necessarily related to a primary question. Medigus Ltd. v. Endochoice, Inc., Civil Action No. 15-505-LPS-CJB, 2016 WL 5791409, at *1 (D. Del. July 19, 2016) (citations omitted). Interrogatory 5 touches, at a minimum, on at least a few different questions (quantity of units, identity of purchasors/licensors/importers, profit margins and costs attributable to products, etc.) as, it appears, does Interrogatory 12 (license/settlement agreements, co-development agreements, technology transfers, sale/resale distribution agreements). With regard to the dispute over Interrogatories 9, 14 and 15, Plaintiffs requests are DENIED. There is not now a record to demonstrate that Defendants identification of the people most knowledgeable about certain products or functionality is deficient. If, as the case develops, Plaintiff can demonstrate that those responses were under-inclusive or deficient, they may seek relief at that time. With regard to the dispute over Interrogatory 10, Plaintiffs request is GRANTED-IN-PART, as Defendants shall identify the three requested individuals, regardless of whether the individuals have privileged or non-privileged information responsive to the request, by providing a supplemental answer to the interrogatory by no later than February 5, 2019. (D.I. 100 at 3) The remainder of the response is not deficient based on the record before the Court. With regard to the dispute over Interrogatory 13, Plaintiffs request is GRANTED. The interrogatory asks Defendants to identify and describe comparable license agreements, and Defendants argue that a determination as to which license agreements... are comparable to a license to use or practice the asserted patents falls in the purview of expert discovery. (D.I. 100 at 2) Defendants are wrong, as there is no rule that a party need not comment on what licenses they think are comparable until expert discovery. An interrogatory can validly seek a response regarding such a contention. Defendants shall provide a supplemental answer to the interrogatory by no later than February 5, 2019. With regard to Interrogatories 1, 2, 11, 16 and 18, the Court needs more information before being able to resolve the disputes, and will address those issues only on todays teleconference with the parties. Ordered by Judge Christopher J. Burke on 1/22/2019. Associated Cases: 1:17-cv-01646-LPS, 1:17-cv-01647-LPS(dlb) (Entered: 01/22/2019)

As of January 23, 2019, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Align Technology, Inc. v. 3Shape A/S et al*
1-17-cv-01646 (DED), 1/22/2019, docket entry